**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

PATRICIA CARLIN et al.,

Plaintiffs,

v.

DAN FLEYSHMAN et al.,

Defendants.

Case No. 8:26-cv-00492-DFM

ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND HOLDING MOTIONS FOR DEFAULT JUDGMENT (DKTS. 69-74) IN ABEYANCE

## I. INTRODUCTION

Plaintiffs Patricia Carlin and David Carlin ("Plaintiffs") sued Dan Fleyshman ("Fleyshman"), Casey Martin ("Martin"), and six business entities, alleging that Fleyshman fraudulently induced Plaintiffs to invest or lend approximately $1.35 million across several enterprises he controlled. See Dkt. 1 ("Complaint"). The Complaint pleads only state-law causes of action and invokes this Court's diversity jurisdiction. See Complaint ¶ 19.

On June 2, 2026, the Clerk entered default against Fleyshman and six entity defendants: Blacksite Ranch LLC ("Blacksite"), Cards and Coffee, Inc. a/k/a Cards and Coffee, LLC ("Cards & Coffee"), More Franchises, LLC ("More Franchises"), Elevator Studio, LLC ("Elevator"), Wyld Jungle LLC ("Wyld Jungle"), and WYLD Products, LLC ("Wyld Products"). See Dkt. 67. The Clerk did not enter default against Martin. See id.

On August 24, 2026, Plaintiffs filed six motions for default judgment, one directed at each defaulted defendant except that a single motion addresses both Wyld entities. See Dkts. 69-74 (the "Motions"). On August 28, Plaintiffs voluntarily dismissed the fictitious Doe and XYZ defendants without prejudice. See Dkt. 78. No defendant has appeared or opposed the Motions.

Before entering judgment against a non-appearing party, the Court must satisfy itself that it has jurisdiction. The Complaint's allegations and exhibits place complete diversity in doubt. For the reasons set forth below, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be **DISMISSED** for lack of subject-matter jurisdiction, and the Motions are **HELD IN ABEYANCE** pending Plaintiffs' response. The hearing set for October 1, 2026 is **VACATED**.

## II. BACKGROUND

Plaintiffs are natural persons domiciled in and citizens of Arizona. See Complaint ¶ 10. Fleyshman and Martin are alleged to be citizens of California. See id. ¶ 11.

The Complaint alleges that Blacksite and Elevator are California limited liability companies with their principal places of business in California; that More Franchises, Wyld Products, and Wyld Jungle are Delaware limited liability companies with their principal places of business in California; and that Cards & Coffee is a California corporation with its principal place of business in California. See id. ¶¶ 12-17. As to each entity, the Complaint alleges upon information and belief that "no member or manager" is "a citizen of or domiciled in the State of Arizona." Id. The Complaint names certain managers of each entity, and alleges that Elevator, Fleyshman, and Michael Holston are "managers/members" of Wyld Jungle. See id. ¶¶ 12, 15-17. The Complaint does not otherwise set out a complete and consistent account of

each entity defendant's membership or of each member's citizenship. It alleges instead that the "natural person members ultimately controlling these entities are all domiciled in and citizens of the State of California." Id. ¶¶ 21-22.

The Complaint also alleges that several entity defendants are owned or managed through other entity defendants: Elevator is alleged to be the manager of Blacksite and of More Franchises; Wyld Jungle is alleged to be the sole manager of Wyld Products; and Elevator, Fleyshman, and Holston are alleged to be "managers/members" of Wyld Jungle. See id. ¶¶ 12, 14, 17.

Several record materials bear on whether Plaintiffs' Arizona citizenship is shared by a defendant.

First, as to More Franchises, the Complaint alleges that Plaintiffs invested $200,000 in September 2023 in reliance on representations "including that Mr. Carlin purchased and presently possessed two thousand (2,000) Class B Units in More Franchises," and that "Mr. Carlin is listed as a Class 'B' member in More Franchises' Operating Agreement." Id. ¶¶ 68-70. In its seventh claim, the Complaint alleges that "[a]t all relevant times, Mr. Carlin was a Class B member of More Franchises, and More Franchises owed Mr. Carlin fiduciary duties." Id. ¶ 142. The More Franchises Operating Agreement provides that the company "intends to issue three (3) classes of Membership Units, including Class A Units, Class B Units, and Class P Units," that "[a] Member holding Class B Units is a 'Class B Member,'" and that "Class B Units and Class P Units are non-voting Membership Units." Dkt. 1-15 at 2, § 1.1. A February 20, 2026 demand letter attached to the Complaint likewise states that "Mr. Carlin is a Class B Member of the Company, having purchased 2,000 Class B Units," and that the company's 2023 Schedule K-1 reported an ending capital account of $199,996.00 for him. Dkt. 1-19 at 2.

Second, the same demand letter reports that, according to filings with the Delaware Secretary of State, More Franchises' status is "Cancelled, Failure to

appoint a R/A" as of December 4, 2025, following the resignation of its registered agent on November 4, 2025. See id. at 4. The letter demands that Elevator "[t]ake immediate steps to reinstate the Company with the Delaware Secretary of State, including appointment of a new registered agent." See id. at 5. The letter nonetheless describes David Carlin as a Class B Member as of its February 20, 2026 date. See id. at 2.

Third, as to Cards & Coffee, the caption and paragraph 13 identify the entity as a California corporation, while other allegations describe it as a limited liability company of which Plaintiffs are members. The Complaint alleges that Plaintiffs "have received no distributions or payments on account of their membership interest in Cards & Coffee," that they sent a demand "as members of Cards & Coffee," and that "[a]t all relevant times, Plaintiffs were members of Cards & Coffee." Complaint ¶¶ 64, 66, 134. The attached demand letter describes the entity as "Cards and Coffee, Inc. (aka Cards and Coffee, LLC) . . . a California limited liability company" and states that "Ms. Carlin is a Class B Member of the Company pursuant to a capital contribution of Two Hundred Fifty Thousand Dollars ($250,000.00)." Dkt. 1-13 at 2.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016). At the pleading stage, however, "allegations of jurisdictional fact need not be proven unless challenged." Id. at 614. And where the information necessary to establish a defendant's citizenship "is not reasonably available to a plaintiff," the plaintiff may plead citizenship "on information and belief and without affirmatively asserting specific details." Carolina Cas.

Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1088 (9th Cir. 2014).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship: no plaintiff may share citizenship with any defendant. A corporation is a citizen of the state in which it is incorporated and the state of its principal place of business. See 28 U.S.C. § 1332(c)(1). An unincorporated entity is treated differently. A limited liability company "is a citizen of every state of which its owners/members are citizens," not of the state in which it was formed or does business. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also NewGen, 840 F.3d at 612. It follows that where a member of a limited liability company is itself an unincorporated entity, its citizenship must be traced through that entity's own members.

Diversity is measured as of the date the complaint is filed. "It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) (cleaned up). That time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." Id. at 570-71.

The entry of default does not relieve the Court of this inquiry. "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

## IV. DISCUSSION

### A. The Jurisdictional Allegations Do Not Resolve Citizenship

Five of the six entity defendants are pleaded as limited liability companies. As to each, the Complaint alleges the state of formation and the principal place of business, the facts that determine a corporation's citizenship but not a limited liability company's. See Johnson, 437 F.3d at 899. It then

alleges, upon information and belief, that "no member or manager" is an Arizona citizen. See Complaint ¶¶ 12, 14-17.

A plaintiff who lacks reasonable access to a limited liability company's membership may plead citizenship in this form. See Carolina Cas., 741 F.3d at 1087-88. And a merely facial insufficiency in jurisdictional allegations is ordinarily cured by amendment under 28 U.S.C. § 1653. See NewGen, 840 F.3d at 612-14. At the same time, even where jurisdiction is conceded, a district court may conclude that some further showing of citizenship is required to confirm it. See Carolina Cas., 741 F.3d at 1088.

Carolina Casualty reserved the question of what should happen if no defendant responds to the complaint. See id. at 1088 n.3. This action presents that circumstance and more as the Complaint's own allegations and attached exhibits contradict its jurisdictional allegations, as described below.

The alleged ownership structure speaks to what a complete response must contain. Elevator is alleged to manage Blacksite and More Franchises; Wyld Jungle is alleged to be the sole manager of Wyld Products; and Elevator, Fleyshman, and Holston are alleged to be "managers/members" of Wyld Jungle. See Complaint ¶¶ 12, 14, 17. To the extent an entity defendant's member is itself an unincorporated entity, citizenship must be traced through that entity's own members. A conclusory assertion that the "natural person members ultimately controlling these entities" are California citizens, id. ¶¶ 21-22, does not supply those facts.

## B. Allegations an Arizona Plaintiff Was a Member of More Franchises

The Complaint alleges that David Carlin, an Arizona citizen, "purchased and presently possessed" 2,000 Class B Units in More Franchises, is "listed as a Class 'B' member" in its Operating Agreement, and "[a]t all relevant times . . . was a Class B member." Complaint ¶¶ 69-70, 142. The Operating Agreement defines a holder of Class B Units as a "Class B

Member." Dkt. 1-15 at 2, § 1.1. The demand letter sent ten days before this action was filed describes him in the same terms. See Dkt. 1-19 at 2.

These allegations are inconsistent with the allegation that "no member . . . of More Franchises is a citizen of or domiciled in the State of Arizona." Complaint ¶ 14. If David Carlin was a member of More Franchises on March 2, 2026, More Franchises was an Arizona citizen, and complete diversity is absent. That a Class B interest is non-voting does not change the analysis; Johnson keys citizenship to membership, not to control. See 437 F.3d at 899. Nor do More Franchises' Delaware formation and California operations. See id.

**C. Cards & Coffee's Legal Form and Membership Are Unresolved**

The Complaint treats Cards & Coffee inconsistently. The caption and paragraph 13 describe a California corporation, which would take California citizenship under § 1332(c)(1). But the Complaint elsewhere alleges that Plaintiffs hold a "membership interest" in Cards & Coffee and that they "were members" of it, Complaint ¶¶ 64, 66, 134, and the attached demand letter describes it as "a California limited liability company" of which Patricia Carlin is "a Class B Member," Dkt. 1-13 at 2. If Cards & Coffee is in fact a limited liability company and either Plaintiff was a member when the Complaint was filed, it too would be an Arizona citizen.

**D. Plaintiffs May Establish or Cure Jurisdiction**

Defective allegations of jurisdiction may be amended "in the trial or appellate courts," 28 U.S.C. § 1653, and that authority extends to cases in which the defect surfaces in connection with a default judgment. See NewGen, 840 F.3d at 612-13. Section 1653, however, permits courts "to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32 (1989). If David Carlin or Patricia Carlin in fact held a membership interest in a

defendant limited liability company on March 2, 2026, no amendment can supply diversity that did not exist. Plaintiffs may, of course, show that no such membership existed or that it had terminated before filing. However, what they may not do is rely on a later change in ownership, because the time-of-filing rule governs. See Grupo Dataflux, 541 U.S. at 570-71.

If information necessary to establish a particular defendant's citizenship is not reasonably available to Plaintiffs, they may say so, explain what efforts they have made to obtain it, and request narrowly tailored jurisdictional discovery. See Carolina Cas., 741 F.3d at 1088; NewGen, 840 F.3d at 614-15 (noting that the party contesting jurisdiction there never sought discovery or a delay to clarify citizenship).

Separately, Rule 21 "invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered," Newman-Green, 490 U.S. at 832, and the dismissal of the party destroying diversity is a long-recognized exception to the time-of-filing rule, see Grupo Dataflux, 541 U.S. at 572-73. A court must "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation," Newman-Green, 490 U.S. at 837-38, and whether the party is dispensable under Federal Rule of Civil Procedure 19(b). Plaintiff may propose such a course, if supported.

## V. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. Within fourteen (14) days after service of this Order, Plaintiffs shall file a written response showing cause why this action should not be dismissed without prejudice for lack of subject-matter jurisdiction. The response shall identify and substantiate the citizenship of each party, reconcile the inconsistent allegations set forth above, and address whether complete diversity existed on March 2, 2026.

2. Plaintiffs may, in the alternative or in addition, propose the dismissal of a dispensable nondiverse party under Federal Rule of Civil Procedure 21. Any such proposal shall address whether the party is dispensable under Federal Rule of Civil Procedure 19(b), whether dismissal would prejudice any party, and which claims and requested relief would remain.

3. Plaintiffs shall serve a copy of this Order and of their response on each of the following defendants and shall file proof of service: Dan Fleyshman; Casey Martin; Blacksite Ranch LLC; Cards and Coffee, Inc. a/k/a Cards and Coffee, LLC; More Franchises, LLC; Elevator Studio, LLC; WYLD Products, LLC; and Wyld Jungle LLC.

4. Plaintiffs' motions for default judgment (Dkts. 69, 70, 71, 72, 73, 74) are held in abeyance pending resolution of this Order to Show Cause.

5. Failure to respond timely to this Order to Show Cause may result in dismissal of this action without prejudice for lack of subject-matter jurisdiction.

Date: September 15, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge